**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| RICHARD LOWELL JONES, | ) | Case No. 18-31532-lkg |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS**

COMES NOW Robert E. Eggmann, Trustee in Bankruptcy for Richard Lowell Jones, and for his Objection to Debtor's Claim of Exemptions respectfully states as follows:

1. Debtor Richard Lowell Jones ("Debtor") filed his voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the Code"), on October 22, 2018 (the "Petition Date").

2. Trustee Robert E. Eggmann ("Trustee") is the duly appointed qualified Chapter 7 Trustee in the bankruptcy case.

3. On the Petition Date, Debtor filed his Schedule A/B of Property, wherein he disclosed an interest in a certain "Scottrade IRA" (the "IRA Account") with an estimated value of $40,000.00.

4. Debtor also filed his Schedule C in which Debtor claimed an exemption in the entire value of the IRA Account in the approximate amount of $40,000.00, pursuant to 735 ILCS 5/12-1006.

5. On or December 14, 2018, Trustee conducted a Section 341 Meeting of Creditors, at which hearing Debtor testified under oath that prior to the Petition Date he liquidated a certain portion of his IRA Account and subsequently invested certain funds from a personal account in his IRA Account.

6. Upon information and belief, on or about April 16, 2018, Debtor withdrew the sum

of $50,000.00 from the IRA Account.

7. Upon information and belief, on or about June 14, 2018, Debtor paid into the IRA Account, from his personal funds, the sum of $20,000.00.

8. It is Trustee's belief that Debtor seeks to exempt under 735 ILCS 5/12-1006 the sum of $20,000.00 personally contributed by Debtor to the IRA Account.

9. 735 ILCS 5/12-1006 provides as follows:

> [a] debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan… is intended in good faith to qualify as a retirement plan.

735 ILCS 5/12-1006(a). This statutory provision has been extended to debtors subject to bankruptcy. *See* 737 ILCS 5/12-1006(d).

10. Trustee objects to Debtor's exemption with respect to the sum of $20,000.00 in the IRA Account on the grounds that while such funds may have been exempt when first deposited, they lost their exempt status once Debtor withdrew them from the IRA Account.

11. Pursuant to Illinois law, assets derived from a lump-sum distribution in a retirement plan lose their exempt status once they are transferred out of a tax-qualified retirement plan. *See In re Pink*, 2012 WL 1655972 (N.D.Ill. 2012); *In re Weinhoeft*, 275 F.3d 604 (7th Cir. 2001). "What matters for exemption purposes isn't that the funds originated in a retirement plan, but that they are in the plan on the petition date. Assets transferred out of a qualified retirement plan prepetition lose the exempt status they would otherwise have had under section 12-1006." (internal citations omitted) *In re Pink*, at *3 (citing *In re Weinhoeft*, at 606).

WHEREFORE, Trustee Robert E. Eggmann respectfully prays this Court enter its order denying Debtor's claim of exemptions with respect to the sum of $20,000.00 held in the IRA

Account, as listed on Debtor's Schedule C, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Robert E. Eggmann*
ROBERT E. EGGMANN, Trustee
2227 Illinois Route 157
Edwardsville, IL  62025
(618) 222-1900 (Telephone)
(618) 222-1919 (Fax)
reetrustee@carmodymacdonald.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing or via regular mail, postage prepaid, this 9th day of January 2019 upon the **Office of the United States Trustee,** Becker Building, Room 1100, 401 Main Street, Peoria, IL 61602; and **Andy Miofsky, Esq**., Attorney for Debtor, 2249 Pontoon Road, Granite City, Illinois 62040.

*/s/ Robert E. Eggmann*
