**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | In Proceedings<br>Under Chapter 7 |
| RICHARD L. JONES, | Case No. 18-31532 |
| Debtor(s). | |

OPINION

The issue before the Court is whether a Debtor may exempt funds that were withdrawn from an individual retirement account ("IRA"), deposited into a checking account and re-deposited into the IRA. The Debtor in this case claimed such funds as exempt under 735 ILCS § 5/12-1006(a) and the chapter 7 Trustee objected to the exemption. The Court finds that under the facts of this case, the Trustee's objection must be overruled.

Facts

The facts set forth herein are based on the parties' Joint Stipulation of Facts (Document No. 23). On or about April 16, 2018, Debtor withdrew $50,000.00 from an individual retirement account ("IRA"). Debtor deposited $49,000.00 of the funds into his personal checking account at FCB Banks on April 23, 2018 and retained $1,000.00 to purchase lottery tickets. Over time, Debtor used the funds in his checking account to purchase more lottery tickets. The purchases were made on various dates and for various amounts as part of a strategy by the Debtor to win money and pay his debts, thereby avoiding the necessity of filing bankruptcy. Ultimately, the Debtor lost money.[1]

---

[1] In answer to question #15 on the Statement of Financial Affairs, the Debtor states that he lost $30,000.00 from the purchase of lottery tickets.

1

On June 14, 2018, Debtor purchased a $20,000.00 cashier's check from FCB Banks. The check was made payable to the Debtor's IRA - TD Ameritrade - and was deposited into the IRA on June 15, 2018.[2] Debtor incurred tax liabilities exceeding $9,000.00 with the Internal Revenue Service and the Illinois Department of Revenue for income taxes and penalties resulting from the withdrawal of money from his IRA.

On October 22, 2018, the Debtor filed the instant chapter 7 petition and listed the IRA on schedule A/B in the amount of $40,000.00. Debtor claimed a $40,000.00 exemption in the IRA under 735 ILCS § 5/12-1006, and the Trustee objected.

## Arguments

The Trustee objects to the Debtor's exemption to the extent of $20,000, the sum contributed by Debtor to his IRA on June 15, 2018. The Trustee agrees that had the entirety of the funds remained in the IRA, they would have been exempt on the petition date. According to the Trustee, the funds lost their exempt status once Debtor withdrew them from his IRA. The Debtor counters that the funds were reinvested into the same IRA within the 60-day rollover time frame allowed by the Internal Revenue Service ("IRS") regulations, and that the funds were in a protected retirement account on the date of filing bankruptcy.

## Discussion

The Illinois exemption statute on which the Debtor relies provides as follows:

> (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under

---

[2] The account was originally designated as a Scottrade IRA, but because of a subsequent acquisition, the account is now known as "TD Ameritrade."

> applicable provisions of the Internal Revenue Code … or (ii) is a public employee pension plan….

735 ILCS § 5/12-1006(a). A "retirement plan" includes an individual retirement annuity or individual retirement account. 735 ILCS § 5/12-1006(b)(3). The Trustee has not questioned whether the Debtor's IRA is a qualified retirement plan under § 5/12-1006. Accordingly, for purposes of this Opinion, the Court assumes that it is.

Pursuant to Bankruptcy Rule 4003(c), the Trustee has the burden of proving that the Debtor's exemption is not properly claimed.[3] *See also In re Currey*, 2018 WL 993637 at *1 (Bankr.N.D.Ill. February 16, 2018) (party objecting to an exemption bears the burden of proof). The Trustee in this case relies on three cases in support of his objection to Debtor's exemption.

In *In re Weinhoeft*, 275 F.3d 604 (7th Cir. 2001), the debtors claimed that a portion of settlement proceeds from a wrongful discharge action were exempt because the funds represented the value of pension contributions Mr. Weinhoeft's employer would have made had his employment continued. The Court first noted that § 5/12-1006 protects rights "to the assets *held in*" pension plans" and rights to "*receive* pensions *under* a retirement plan." *Id*. at 605 (emphasis in original). The Court found that the debtors were not claiming a right to assets held in a retirement plan nor were they claiming a right to receive anything from a retirement plan. As the Court explained:

> What the Weinhoefts instead argue is that $40,000 *would have been* placed in a pension plan, had [Mr. Weinhoeft] not been fired. Maybe so, but neither ERISA nor § 5/12-1006 asks what would or could have happened…. These statutes apply an anti-alienation rule … to assets that *actually* entered pension plans…. [F]unds *not* in pension trusts are alienable no matter how much the debtor would prefer to keep the value out of creditors' hands. The proof of this is

---

[3] Federal Rule of Bankruptcy Procedure 4003(c) provides, "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."

3

> the rule that as soon as funds are *withdrawn* from a plan, creditors can reach them freely….The Wienhoefts do not cite, and we could not find, any decision of an Illinois court applying § 5/12-1006 to assets that might have entered a retirement plan but didn't….[T]he question is not how the funds for the settlement were or could have been allocated by agreement between [Mr. Weinhoeft] and his former employer. Such an allocation, whether informal or express, could be used to gyp creditors. It is not *origin* but *destination* that matters.

*Id*. at 606 (emphasis in original) (citations omitted).

The Trustee in the instant case relies on the Seventh Circuit's statement that "as soon as funds are withdrawn from a [retirement] plan, creditors can reach them freely." *Id*. He does not, however, explain the context in which that statement was made. Nor does he explain how *Weinhoeft*, which involved an entirely different set of facts, applies to this case. In *Weinhoeft*, the funds in question were not, and never had been, in a retirement account prior to filing. Here, the funds which Debtor seeks to exempt were withdrawn from a checking account and deposited into an IRA before Debtor filed this bankruptcy case. In view of the factual distinctions, the Court does not believe that *Weinhoeft* supports the Trustee's position.

The Trustee also cites *In re Pink*, 2012 WL 1655972 (N.D.Ill. May 10, 2012), which relied heavily on the *Weinhoeft* decision. In *Pink*, the debtors withdrew funds from their IRA prior to filing bankruptcy and deposited the funds into a personal Citibank account held by their attorney. The funds remained in the Citibank account on the date the debtors filed their bankruptcy petition. Debtors argued that because the funds were "derived from or traceable to retirement funds," they were exempt under § 5/12-1006 even though the funds were held outside of a qualified retirement plan on the date of filing. *Id*. at *5. In affirming the Bankruptcy Court's holding that the funds were not exempt, the District Court stated:

4

> Mr. Pink and Ms. Porter do not claim rights to assets held in a retirement plan, nor do they claim an exemption for a right to receive a pension under a plan. Instead, they claim a right to assets that were *once held* in a plan…. [T]he Seventh Circuit was very clear in *Weinhoeft* that the statute does not exempt such funds….

*Id*. at *3-4 (emphasis in original). The Court in *Pink* concluded that debtors' position "is contradicted by *Weinhoeft*, which teaches that it is the *destination* of the funds that matters." *Id*. at *5.

The facts in *Pink* are clearly distinguishable. In *Pink*, the funds at issue were not held in a retirement account on the date of filing. In the instant case, however, the funds which Debtor seeks to exempt were in fact on deposit in Debtor's IRA on the date his bankruptcy case was filed. The Trustee does not discuss or explain why these factual distinctions are insignificant or irrelevant.

The final case on which the Trustee relies is *In re Gordon*, 1996 WL 33401390 (Bankr.C.D.Ill. July 18, 1996). Once again, the facts in Gordon are not on point. In that case, the debtor withdrew over $10,000.00 from his IRA prior to filing bankruptcy. The funds were deposited into a personal savings account and used for living expenses. When the debtor subsequently filed a chapter 7 petition, he claimed the balance of the funds in the amount of $5,000.00 as exempt under § 5/12-1006. The trustee objected on the basis that the funds were no longer in a retirement account. The Court agreed, finding that "[b]ecause the Debtor failed to preserve the exempt character of the funds by rolling them over to another qualified plan, he cannot claim an exemption under § 12-1006." *Id*. at *3.

In the instant case, the stipulated facts are as follows: Prior to filing bankruptcy, Debtor withdrew $50,000.00 from his IRA and deposited $49,000.00 of the funds into his personal checking account. Less than two months later, he transferred $20,000.00 from his personal

account into his IRA.  The $20,000.00 was in the Debtor's IRA on the date that he filed his bankruptcy case, thus distinguishing this case from those cited by the Trustee.

The Trustee points out that the funds Debtor withdrew from his IRA were commingled with other funds in Debtor's checking account.  Therefore, the Trustee argues, it is impossible to determine whether the $20,000.00 that Debtor seeks to exempt are funds that originated from the IRA.  In support of his argument, the Trustee cites *In re Schoonover*, 331 F.3d 575 (7th Cir. 2003).  The debtor in *Schoonover* claimed that $80,000.00 in his bank account was exempt under 735 ILCS §§ 5/12-1001(g)[4] and 12-1006 on the basis that the money had come from social security, veterans and disability payments.  The Bankruptcy Court denied the exemption, finding that there is no tracing provision in § 5/12-1001(g) and further finding that the debtor's bank account did not constitute a retirement plan within the meaning of § 5/12-1006.  The District Court agreed.  *See Schoonover v. Karr*, 285 B.R. 695 (S.D.Ill. 2002).   On appeal, the Seventh Circuit affirmed.  In doing so, the Court found that while § 5/12-1001(g) exempts the debtor's "right to receive" public benefits, the Illinois legislature did not intend to exempt property that is traceable to social security benefits.  *In re Schoonover*, 331 F.3d at 577.  With respect to whether the debtor had a valid exemption under § 5/12-1006, the Court explained, "That assets freely usable for current consumption may be traced to public benefits does not make them a tax-qualified 'retirement plan' and thus does not support an exemption under § 5/12-1006." *In re Schoonover*, 331 F.3d at 577.

The *Schoonover* decision does not help the Trustee in this case, and the reason is simple.  The $20,000.00 at issue in this case *was in a qualified retirement account on the date of filing*.

---

[4] Section 5/12-1001(g) exempts the debtor's right to receive a social security benefit, veteran's benefit or disability benefit.

The funds in *Schoonover* were not. Nothing in *Schoonover* supports the Trustee's argument that in order to be exempt, Debtor must show that the $20,000.00 originated from his IRA.

A review of decisions interpreting the "rollover" provisions in the Internal Revenue Code supports a finding that any commingling of funds in the instant case is irrelevant. Individual retirement accounts are governed by 26 U.S.C. § 408. Pursuant to § 408(d)(1), amounts distributed from an IRA are included in the payee's gross income.[5] Under § 408(d)(3), however, distributions are excluded from gross income if the entire amount is subsequently paid into an eligible retirement plan not later than the 60th day after the date on which the payee receives the distribution.[6] These distributions and repayments are known as "rollover contributions." Partial rollover contributions are also permitted under 26 U.S.C. § 408(d)(3)(D).[7]

---

[5] Section 408(d)(1) provides that "[e]xcept as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee…." 26 U.S.C. §408(d)(1).

[6] Section 408(d)(3)A) provides:

> (3) **Rollover contribution**—An amount is described in this paragraph as a rollover contribution if it meets the requirements of subparagraphs (A) and (B).
>
> (A) **In general**—Paragraph (1) does not apply to any amount paid or distributed out of an individual retirement account or individual retirement annuity to the individual for whose benefit the account or annuity is maintained if—
>
> (i) The entire amount received (including money and any other property) is paid into an individual retirement account or individual retirement annuity (other than an endowment contract) for the benefit of such individual not later than the 60th day after the day on which he receives the payment or distribution….

26 U.S.C. § 408(d)(3)(A). Subparagraph (B), not applicable here, limits the number of rollover contributions to one per year.

[7] Section 408(d)(3)(D) provides, in relevant part:

> If any amount paid or distributed out of an individual retirement account or individual retirement annuity would meet the requirements of subparagraph (A) but for the fact that the entire amount was not paid into an eligible plan as required by clause (i) or (ii) of subparagraph (A), such amount shall be treated as meeting the requirements of subparagraph (A) to the extent it is

7

In a Tax Memorandum Decision, *Zaklama, et al. v. C.I.R.*, T.C. Memo, 2012-346 (2012), the taxpayers sought a determination that certain tax deficiencies were assessed incorrectly. One of the grounds raised by the taxpayers was that the funds withdrawn from their IRAs were properly and timely rolled over into another IRA. The Commissioner of Internal Revenue ("Commissioner") argued, in part, that § 408(d)(3) was inapplicable because the taxpayers did not roll over the same money that was received in the distribution. On this particular point, the Tax Court disagreed with the Commissioner, stating that "[w]e do not read that section [408(d)(3)] as narrowly." *Id*. at *25. To support this interpretation, the Court cited Treasury Regulation 1.408-4(b), which recognizes the 60-day rollover rule and which allows the money that was distributed from an IRA to be paid back "from the same amount of money *and any other property*." *Id*. (citing 26 C.F.R. § 1.408-4(b)) (emphasis added).[8]

The *Zaklama* case was discussed by the Bankruptcy Court in *In re Chaudury*, 581 B.R. 279 (Bankr.M.D.Tenn. 2018). The debtor in *Chaudury* withdrew $327,978.13 from an IRA and on the same date, used the withdrawn funds to purchase a house jointly with his spouse. The debtor was subsequently approved for a $252,000.00 mortgage loan. Approximately two months after the

---

                paid into an eligible plan referred to in such clause not later than the 60th day referred to in such clause.

11 U.S.C. § 408(d)(3)(D).

[8] Treasury Regulation 1.408-4 provides, in part:

> (b) **Rollover Contribution—(1) To individual retirement arrangement.** Paragraph (a)(1) of this section [providing that distributions from an IRA are gross income] shall not apply to any amount paid or distributed from an individual account or individual retirement annuity to the individual for whose benefit the account was established or who is the owner of the annuity if the entire amount received (including the same amount of money and any other property) is paid into an individual retirement account … not later than the 60th day after the day on which he receives the payment or distribution.

26 C.F.R. § 1.408-4(b).

withdrawal of the IRA funds, debtor deposited $246,945.00 of the loan proceeds back into the same IRA. A short time later, debtor filed a chapter 7 bankruptcy petition but failed to schedule the IRA. When the trustee became aware of the IRA and raised issues about it, the debtor converted to chapter 13. On the schedules filed in the chapter 13, the debtor listed the IRA with a value of $691,345.55 and claimed the entire amount exempt under a Tennessee statute that exempts qualified retirement benefits. The trustee objected to the exemption, arguing that the entire IRA lost its exempt status when the debtor engaged in a prohibited transaction (as defined in 26 U.S.C. § 4975) by "borrowing" funds from the IRA to purchase a home. *Id*. at 284. The Court found that the debtor had not engaged in a prohibited transaction, explaining that "[t]he purpose of § 4975, in part, is to prevent taxpayers involved in a qualified plan from using the plan to engage in transactions for their own account that could place plan assets and income at risk of loss before retirement." *Id*. at 286 (citations omitted).[9]

The Court rejected the trustee's argument that whenever an account holder withdraws funds from an IRA and personally benefits from those funds during the rollover period, the entire account loses its qualified status:

> It is certainly true that the Debtor did not replace the identical money that he took out of the IRA. It is undisputed that the Debtor put the money from the IRA distribution into the purchase of a house and that he subsequently – but within 60 days – placed money borrowed from the bank from a home mortgage back into the IRA. Applicable law simply does not support the proposition that the same money that came out of the IRA has to be used for the "rollover" into an IRA within the 60-day rule.

---

[9] A "prohibited transaction" describes transactions involving various activities between an IRA and a disqualified person. *See* 26 U.S.C. § 4975(c)(1). The Trustee in the instant case has not alleged that the Debtor engaged in a prohibited transaction as described in § 4975 and therefore, the Court does not address that question.

9

*Id*. at 288. The Court found that the *Zaklama* decision, as well as Treasury Regulation 1.408-4, support the conclusion that "what happens to the money during that 60-day period is irrelevant as long as it is repaid to the same or a different qualified account before the 60th day." *Id*. The Court also rejected the trustee's argument that the purpose of the rollover rule is to facilitate the direct transfer of funds from one IRA into another IRA:

> The 60-day rule would be largely superfluous if it did not permit the account owner to receive the money and use it within the 60-day period without destroying the character of the IRA's exempt nature. The 60-day rule would never serve a useful purpose for the holder of the IRA if the money would automatically lose its qualified status unless the exact same funds went into another qualified account.

*Id*.

In the instant case, the Trustee has presented no further arguments as to why the Debtor's $20,000.00 exemption should be denied. There are no allegations of fraud regarding the Debtor's transfer of funds from his personal account to the IRA. The Court makes no determination at this time whether an issue of fraud or fraudulent intent exists. Nor are there allegations that the Debtor purchased property with the intent of converting nonexempt property into exempt property. Section 5/12-1001 – the statute governing personal property exemptions - contains a provision prohibiting debtors from doing so. It provides:

> If a debtor owns property exempt under this Section and he or she purchased that property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment or distress for rent. Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.

735 ILCS § 5/12-1001.

Again, the Court makes no determination at this time whether that provision is applicable.[10]

Based on the limited facts and arguments as presented, the Court finds that the Trustee has not sustained his burden of proving that the Debtor's exemption was improperly claimed. The objection to exemptions is therefore overruled.

See Order entered this date.

ENTERED: April 15, 2019

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE

---

[10] This provision is sometimes referred to as the "barring paragraph." At least one bankruptcy court has held that this provision applies only to property exempt under § 5/12-1001, not § 5/12-1006. *See In re Currey*, 2018 WL 993637 at *2 (Bankr.N.D.Ill. February 16, 2018).